UNITED STATES BANKRUPTCY COURT
DISTRICT OF MINNESOTA

_____

In re:                                                        Chapter 7
                                                              BKY 14-43597
Brian Paul Hackert and
Anita Ruth Hackert,

                            Debtors.

_____

## NOTICE OF HEARING AND MOTION FOR OBJECTION TO CLAIMED EXEMPT PROPERTY

To:    The debtors and other entities specified in Local Rule 9013-3.

    1.    Nauni J. Manty, the trustee for the bankruptcy estate, moves the court for the relief requested below and gives notice of hearing.

    2.    The court will hold a hearing on this motion at **11:30 a.m. on November 20, 2014**, before the Honorable Michael E. Ridgway, Bankruptcy Judge, in Courtroom No. 7 West, U.S. Courthouse, 300 South Fourth Street, Minneapolis, Minnesota, or as soon thereafter as counsel can be heard.

    3.    Any response to this motion must be filed and served not later than November 15, 2014, which is five days before the time set for the hearing (including Saturdays, Sundays, and holidays).  **UNLESS A RESPONSE OPPOSING THE MOTION IS TIMELY SERVED AND FILED, THE COURT MAY ENTER AN ORDER GRANTING THE REQUESTED RELIEF WITHOUT A HEARING.**

    4.    This court has jurisdiction over this motion pursuant to 28 U.S.C. §§ 157 and 1334, Fed. R. Bankr. P. 5005 and Local Rule 1070-1.  This proceeding is a core proceeding.  The petition commencing this chapter 7 case was filed on August 29, 2014.  The case is now pending in this court.

5. This motion arises under 11 U.S.C. § 522, Minn. Stat. § 550.37, Fed. R. Bankr. P. 4003, and Local Rule 4003-3. This motion is filed under Fed. R. Bankr. P. 9014 and Local Rules 9001-1 to 9006-1 and 9013-1 to 9013-5. The trustee requests relief with respect to debtors' claims of exemption.

6. The 341 meeting of creditors was held on September 26, 2014. The deadline to object to the debtors' exemptions is October 24, 2014.

7. The debtors exempted a computer, a snowblower and household tools under Minn. Stat. § 550.37, subd. 4(b).

8. The trustee objects to the debtors' claimed exemptions because a computer, snowblower and tools are not protected items under the statute and are not household furniture or appliances.

**WHEREFORE**, the trustee moves the court for an order sustaining trustee's objection to claimed exempt property and for such other relief as may be just and equitable.

Dated: October 24, 2014

        MANTY & ASSOCIATES, P.A.

        By: */e/ Jacqueline J. Williams*
          Nauni Jo Manty (#230352)
          Jacqueline J. Williams (#386611)
          510 First Avenue North, Suite 305
          Minneapolis, Minnesota 55403
          (612) 465-0990

        ATTORNEYS FOR THE TRUSTEE

## **VERIFICATION**

I, Nauni Jo Manty, the movant named in the foregoing Notice of Hearing and Motion for Objection to Claimed Exempt Property, declare under penalty of perjury that the foregoing is true and correct according to the best of my knowledge, information and belief.

Dated: October 24, 2014

                                                     */e/Nauni J. Manty*
                                                   Nauni J. Manty, Trustee

UNITED STATES BANKRUPTCY COURT
DISTRICT OF MINNESOTA

In re:

Brain Paul Hackert and
Anita Ruth Hackert,

        Debtors.

Chapter 7
BKY 14-43597

## MEMORANDUM IN SUPPORT OF MOTION OBJECTING TO EXEMPTIONS

This memorandum of law is submitted in support of the trustee's motion objecting to the debtors' claimed exemptions.

## FACTS

The debtors exempted a computer, snowblower and household tools under Minn. Stat. § 550.37, subd. 4(b). The trustee objects to the debtors' claimed exemptions because the exemptions are not permitted under the statute.

## LEGAL ANALYSIS

The debtors exempted a computer, snowblower and tools under Minn. Stat. § 550.37, subd. 4(b). Minn. Stat. §550.37, subd. 4(b) provides an exemption in:

> Household furniture, household appliances, phonographs, radio and television receivers of the debtor and the debtors' family, not exceeding $10,350 in value.

A computer, snowblower and tools are not household furniture or appliances. *See In re Irwin*, 232 B.R. 151 (D. Minn. 1999). In *Irwin*, the debtor sought to exempt a computer and lawnmower as household appliances. *Id.* The court explained that appliances are such items as "refrigerators, stoves, ovens, washers and dryers and vacuums." *Id.* at 153.

A.   The Computer

In *Irwin,* the court held that a computer is not in the same category as an appliance and the most natural and obvious meaning of appliance "does not include a computer." *Id.* The court noted that the computer is simply:

> not *necessary* to protect the Debtor from want. And, while certainly helpful and convenient, it is not necessary to maintain "the decencies of life." Therefore, the underlying purpose of the statute does not change the outcome. The language of the statute, the rules of statutory construction, and the purpose of the statute all lead to the same conclusion: a computer is not exempt as a household appliance.

*Id*. at 154. Based on *Irwin,* this court should sustain the trustee's objection to the exemption as to the computer.

B.   The Snowblower

A snowblower is not a household appliance. A snowblower, like a computer, is "helpful and convenient" but it is "not necessary to protect the Debtor from want" or to "maintain 'the decencies of life.'" *Id*. Many people do not have snowblowers; instead they use shovels. *See In re Robert L. and Deanne M. Meier*, BKY 04-36584, Judge O'Brien. In *Meier*, the court sustained the trustee's objection to the debtor's claimed exemption of a snowblower as a household appliance and held that the snowblower was property of the estate. *Id.* As such, the trustee requests that her objection be sustained as to the snowblower.

C.   The Household Tools

The debtors have also exempted tools under Minn. Stat. § 550.37, subd. 4(b). Clearly, the tools are not household furniture, household appliances, phonographs, radio or television receivers. As such, the debtors should not be entitled to the exemption of the tools.

2

## **CONCLUSION**

The debtors' exemption of the computer, snowblower and household tools should be disallowed, the trustee's objection should be sustained and the computer, snowblower and tools should be assets which the trustee is entitled to administer for the benefit of the creditors of the estate.

Dated:  October 24, 2014

                MANTY & ASSOCIATES, P.A.


               By: */e/ Jacqueline J. Williams*
                 Nauni Jo Manty (#230352)
                 Jacqueline J. Williams (#386611)
                 510 First Avenue North, Suite 305
                 Minneapolis, Minnesota 55403
                 (612) 465-0990

                 ATTORNEYS FOR THE TRUSTEE

UNITED STATES BANKRUPTCY COURT
DISTRICT OF MINNESOTA

In re:                                             Chapter 7
                                                   BKY 14-43597
Brian Paul Hackert and
Anita Ruth Hackert,

                      Debtors.

## UNSWORN CERTIFICATE OF SERVICE

I, Lauren Paulbick, declare under penalty of perjury that on October 24, 2014, I served the *Notice of Hearing and Motion for Objection to Claimed Exempt Property, Memorandum in Support of Motion Objecting to Exemption, Proposed Order and Unsworn Certificate of Service* by sending a true and correct copy of each document by U.S. mail, postage prepaid, to the following, unless otherwise specified.

| | |
|---|---|
| Brian Paul Hackert | Anita Ruth Hackert |
| 3000 Black Oaks Lane North | 3000 Black Oaks Lane North |
| Plymouth, MN  55447 | Plymouth, MN  55447 |
| | |
| Craig W. Andresen | United States Trustee |
| 2001 Killebrew Drive Suite 330 | 1015 U.S. Courthouse |
| Bloomington, MN  55425 | 300 So. Fourth St. |
| (Via electronic filing) | Minneapolis, MN 55415 |
| | (Via electronic filing) |

Executed on: October 24, 2014.      Signed:*/e/ Lauren Paulbick*
                                                      Lauren Paulbick, Paralegal
                                                      Manty & Associates, P.A.
                                                      510 First Avenue North, Suite 305
                                                      Minneapolis, MN 55403
                                                      Telephone: (612) 465-0341

UNITED STATES BANKRUPTCY COURT
DISTRICT OF MINNESOTA

In re:

Brain Paul Hackert and
Anita Ruth Hackert,

        Debtors.

Chapter 7
BKY 14-43597

**ORDER**

This matter came before the court on the trustee's motion objecting to the debtors' exemption of a computer, snowblower and household tools. Based upon the files and records,

**IT IS ORDERED:**

1. The trustee's objection is sustained.

2. The debtors' claimed exemption in the computer, snowblower and household tools shall be disallowed and the computer, snowblower and tools shall be property of the estate for the trustee to administer.

Dated: _____

Michael E. Ridgway
United States Bankruptcy Judge