UNITED STATES BANKRUPTCY COURT
DISTRICT OF MINNESOTA

_____

| | |
|---|---|
| In re: ) | **Bky. No. 14-43597-MER** |
| ) | Chapter 7 |
| ) | |
| **Brian and Anita Hackert,** ) | **RESPONSE TO TRUSTEE'S** |
| ) | **MOTION OBJECTING TO** |
| ) | **EXEMPTIONS** |
| ) | |
| Debtors. ) | |

_____

TO:   Nauni Jo Manty, Chapter 7 Trustee; Jacqueline J. Williams, Attorney for Trustee, Daniel M. McDermott, U.S. Trustee, and any other entity entitled to notice under Local Rule 9013-3.

1.   The debtors in the above captioned chapter 7 case, Brian and Anita Hackert, through their attorney Craig W. Andresen, hereby submit the following response to the motion of the trustee objecting to their claims of exemptions.  The debtors request that the court overrule the trustee's objections, and that the court sustain the claims of exemptions.

2.   The court will hold a hearing on this motion at 11:30 a.m. on November 20, 2014, before the Honorable Michael E. Ridgway, in Courtroom 7 West, U.S. Courthouse, 300 South Fourth Street, Minneapolis, Minnesota.

3.   The court has jurisdiction over this motion pursuant to 28 U.S.C. sections 157 and 1334, Rule 5005, Federal Rules of Bankruptcy Procedure, Local Rule 1070-1, and 11 U.S.C. section 522.  The motion arises under Minnesota Statutes section 550.37, subd. 4.  This is a core proceeding.  This case was commenced voluntarily by the debtors under chapter 7 on August 29, 2014, and is now pending before the court.

Page 1

4.	Minnesota Statutes section 550.37, subd. 4, provides an exemption for the following:

> Subd. 4.  **Personal goods.**  (a) All wearing apparel, one watch, utensils, and foodstuffs of the debtor and the debtor's family.
> (b) Household furniture, household appliances, phonographs, radio and television receivers of the debtor and the debtor's family, not exceeding $10,350 in value.

Minn. Stat. 550.37, subd. 4.

5.	The debtor claimed a computer, a snowblower, and household tools as exempt on Schedule C, citing section 550.37, subd. 4(b).  The trustee objected, arguing that *In re Irwin,* 252 B.R. 151 (Bky.D.Minn. 1999) (Dreher, J.), limited subd. 4 to household appliances.  The debtors disagree with the trustee about both *In re Irwin*'s meaning and the extent of subd 4.

6.	*Computer*:  Although *In re Irwin* held that a computer was not a household appliance within the meaning of subd. 4, the court was mistaken and it should have ruled otherwise.  Further, even if the court was correct at the time *Irwin* was decided, in the fifteen years since the decision was issued, computers have developed into household appliances.

7.	*Snowblower*.  *Irwin* held that lawnmowers are exempt as household appliances, mainly because the debtor would have to either obtain a new one or hire someone to mow her lawn if she lost her lawnmower to the trustee.  *Irwin* at 154.  A snowblower shares many characteristics with a lawnmower, including the characteristic listed above.  A snowblower is clearly a household appliance under the logic of *In re Irwin*.

8.	 *Household tools*.  Subd. 4(a) states that "utensils" of the debtor are exempt.  Merriam-Webster's Online dictionary defines utensil as follows:

**1**: an implement, instrument, or vessel used in a household and especially a kitchen,
**2**: a useful tool or implement.
http://www.merriam-webster.com/dictionary/utensil.

Thus, the term "utensil" as used in subd. 4(a) means a household tool, if we are to give that word its ordinary meaning in everyday English.

    10.    Based on the foregoing, the debtors request that the court deny the trustee's motion objecting to their claims of exemptions.

                                        Respectfully submitted.

November 17, 2014                            /e/   Craig W. Andresen
Date                                    Craig W. Andresen, #186557
                                          Attorney for Debtors
                                          2001 Killebrew Drive, Suite 150
                                          Bloomington, Minnesota 55425
                                          (952) 831-1995